|   |   |
|---|---|
| | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Q NIGHTCLUB AND LOUNGE,<br><br>        Plaintiff,<br><br>  v.<br><br>CITY OF VANCOUVER, et al.,<br><br>        Defendants. | CASE NO. C17-5262RBL<br><br>ORDER |

THIS MATTER is before the Court on Defendant C-Tran's Motion to Dismiss [Dkt. #11] and Defendant Garza's Motion for Judgment on the Pleadings [Dkt. #17]. Q nightclub is a "hip hop" club in Vancouver. It opened in early 2015. The same year, C-Tran (the Clark County Public Transportation Benefit Area) executed on a pre-existing plan to build and operate a bus rapid transit facility on property it owned next to Q Nightclub. As a result, Q Nightclub's secondary fire exit was blocked and no longer available for use, and by December 2015 the fire marshal shut the club down.

Q Nightclub and its owners sued C-Tran, the City of Vancouver, the Director of the Washington State Liquor and Cannabis Board (Garza), the Vancouver Police Chief (McElvain),

1 | Vancouver's mayor (Leavitt), and Vancouver's Fire Chief (Molina) for $22 million. It[1] claims
2 | the City and the other defendants targeted the club because of its African American and or
3 | Hispanic clientele, violating (or conspiring to violate) its constitutional rights. It also asserts state
4 | law contract and tort claims. Q Nightclub also sued the WSLCB director for, it claims,
5 | terminating its liquor license. (Q Nightclub's claims against the other defendants are similar, but
6 | are not relevant to these motions).

C-Tran seeks dismissal for failure to state a claim (and for lack of standing on the part of the individual plaintiffs on some of the claims. It argues that it had the right to build the transit facility on its own property and had no control over the club's liquor license or the fire regulations requiring a second fire exit. It argues the claim that it conspired with the other defendants to shut down the club is not plausible. It also argues that the state law tort claims are barred by the plaintiffs' failure to file the required pre-claim notice.

Garza seeks judgment on the pleadings, arguing that there is no plausible claim that the club's liquor license was in fact revoked, or that Garza himself actually did anything to cause a violation of any of the club's rights.

Q Nightclub has not responded to either motion, and the time for doing so has passed.

The failure to respond an admission that its motion has merit under Local Rule 7:

> (b) Obligation of Opponent. Each party opposing the motion shall, within the time prescribed in LCR 7(d), file with the clerk, and serve on each party that has appeared in the action, a brief in opposition to the motion, together with any supporting material of the type described in subsection (1). ***If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.***

---

[1] This Order will reference the plaintiffs in the singular for clarity, unless the context requires otherwise.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3f 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, Rule 12(c) is "functionally identical" to Rule 12(b)(6) and that "the same standard of review" applies to motions brought under either rule. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 647 F.3d 1047 (9th Cir. 2011), *citing Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (applying *Iqbal* to a Rule 12(c) motion).

C-Tran's Motion does have merit, for the reasons articulated in it. The same is true of Garza's Motion. Q Nightclub's failure to respond to these persuasive motions is an admission that they have merit, and both Motions are granted. Plaintiffs' claims against C-Tran and Garza are DISMISSED with prejudice and without leave to amend.

IT IS SO ORDERED.

Dated this 7th day of September, 2017.

Ronald B. Leighton
United States District Judge