UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Q NIGHTCLUB AND LOUNGE,<br><br>    Plaintiff,<br><br> v.<br><br>CITY OF VANCOUVER,<br><br>    Defendant. | CASE NO. C17-5262RBL<br><br>ORDER GRANTING VANCOUVER'S MOTION TO DISMISS |

THIS MATTER is before the Court on Defendant Vancouver's Motion to Dismiss [Dkt. #31]. Q nightclub is a "hip hop" club in Vancouver. It opened in early 2015. The same year, C-Tran (the Clark County Public Transportation Benefit Area) executed on a pre-existing plan to build and operate a bus rapid transit facility on property it owned next to Q Nightclub. As a result, Q Nightclub's secondary fire exit was blocked and no longer available for use, and by December 2015 the fire marshal shut the club down.

Q Nightclub and its owners sued[1] C-Tran, the City of Vancouver, the Director of the Washington State Liquor and Cannabis Board (Garza), the Vancouver Police Chief (McElvain),

---

[1] Vancouver points out that the plaintiffs' attorneys filed a similar claim on behalf of a different plaintiff in Portland, and imported portions of that complaint into this case.

1 | Vancouver's Mayor (Leavitt), and Vancouver's Fire Chief (Molina) for $22 million. It claims

2 | Vancouver and the other defendants targeted the club because of its African American and

3 | Hispanic clientele, violating (or conspiring to violate) its constitutional rights. It also asserts state

4 | law contract and tort claims.

The Court previously dismissed defendants C-Tran and Garza. [Dkt. #25]. Vancouver, McElvain, Molina, and Leavitt (together, "the City") now seek dismissal for failure to state a claim.

Q Nightclub has not responded to the motion, and the time for doing so has passed.

The failure to respond an admission that its motion has merit under Local Rule 7:

(b) Obligation of Opponent. Each party opposing the motion shall, within the time prescribed in LCR 7(d), file with the clerk, and serve on each party that has appeared in the action, a brief in opposition to the motion, together with any supporting material of the type described in subsection (1). If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State*

*Warriors*, 266 F.3f 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

Although Iqbal establishes the standard for deciding a Rule 12(b)(6) motion, Rule 12(c) is "functionally identical" to Rule 12(b)(6) and that "the same standard of review" applies to motions brought under either rule. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 647 F.3d 1047 (9th Cir. 2011), *citing Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (applying Iqbal to a Rule 12(c) motion).

The City's Motion does have merit, for the reasons articulated in it. Q Nightclub's failure to respond to this persuasive motion is an admission that it has merit, and the Motion to Dismiss is GRANTED. Plaintiffs' claims against the City Defendants are DISMISSED with prejudice and without leave to amend.

IT IS SO ORDERED.

Dated this 21st day of November, 2017.

Ronald B. Leighton
United States District Judge